United States District Court
Southern District of Texas
**ENTERED**
February 14, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**MCALLEN DIVISION**

| | | |
|---|---|---|
| **STATE OF TEXAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:23-CV-00325** |
| | § | |
| **MIGUEL GONZALEZ,** | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

This case involves the criminal prosecution of United States Customs and Border Protection ("CBP") Agent Miguel Gonzalez for an alleged traffic violation. Gonzalez was allegedly responding to a service call about alien traffic when he was pulled over by a local police officer for speeding. The officer issued a traffic citation. Gonzalez removed the case to federal court under 28 U.S.C. § 1442, which allows federal officers to move to a federal forum if they are prosecuted in state court for actions taken while acting under color of their federal office. Pending before the Court is Plaintiff's Motion to Remand. (Dkt. No. 3). For the following reasons, the Court **DENIES** the Motion.

## I. BACKGROUND[1]

Gonzalez is an employee of Customs and Border Protection, which is a United States agency. (Dkt. No 1 at 1). On August 14, 2023, Gonzalez was assigned to work in a marked government vehicle near Hidalgo, Texas. (*Id.*). He responded to a service radio

---

[1] The Court makes the following factual findings for the sole purpose of this Memorandum Opinion and Order.

call of alien traffic and a McAllen Police Department Officer pulled him over for speeding. (*Id.* at 1–2). The Officer issued Gonzalez a traffic citation, stating that he was driving 59 miles per hour in a 40 mile per hour zone. (*Id.* at 2). Later that day, proceedings against Gonzalez were commenced in the Municipal Court of McAllen, Hidalgo County, Texas for the traffic violation. (*Id.* at 1).

On September 22, 2023, Gonzalez filed his Notice of Removal under 28 U.S.C. § 1442. (Dkt. No. 1). On October 19, Texas filed Plaintiff's Motion to Remand arguing that Gonzalez's removal is improper in form and substance. (Dkt. No. 3). Gonzalez responded, (Dkt. No. 7), and Texas replied, (Dkt. No. 8). The Motion is now ripe for review.

## II. LEGAL STANDARD

A party may remove an action from state court to federal court if the federal court has subject-matter jurisdiction. *See* 28 U.S.C. § 1441; *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Federal courts have limited jurisdiction and may hear a case if it involves a question of federal law or where there is diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. One type of federal question is federal-officer removal under 28 U.S.C. § 1442. "Unlike the general removal statute, the federal officer removal statute is to be 'broadly construed' in favor of a federal forum." *Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 859 (5th Cir. 2021) (quoting *Papp v. Fore-Kast Sales Co.*, 842 F.3d 805, 811 (3d Cir. 2016)).

## III. DISCUSSION

The federal-officer removal statute provides for removal to the district court for a "criminal prosecution that is commenced in a State court" against "any officer . . . of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office[.]" 28 U.S.C. § 1442(a)(1). Because Section 1442(a) is purely a jurisdictional statute, it cannot independently support Article III "arising under" jurisdiction. *See Mesa v. California*, 489 U.S. 121, 136, 109 S.Ct. 959, 968, 103 L.Ed.2d 99 (1989). Therefore, "[a]lthough not explicit in the text of the statute, the officer must also allege 'a colorable federal defense' to satisfy Article III's 'arising under' requirement for subject matter jurisdiction." *Texas v. Kleinert*, 855 F.3d 305, 311 (5th Cir. 2017) (quoting *Mesa*, 489 U.S. at 136–37, 109 S.Ct. at 968–69). Put another way, the Court's exercise of subject matter jurisdiction in this case turns on three elements: whether (1) Gonzalez was an "officer . . . of the United States" or any agency thereof, (2) the charges against him are "for or relating to any act under color of such office," and (3) Gonzalez raised a "colorable federal defense." *Id.* at 311–12.

Neither party challenges that Gonzalez, as a CBP agent, satisfies the first element. However, Texas contests that Gonzalez made a "threshold showing that the State prosecuted him for acts that he took under color of federal office." (Dkt. No. 3 at 4). Texas also argues that Gonzalez fails to clearly identify a "colorable federal defense," and this failure waives any basis for removal. (*Id.* at 6). The Court addresses these arguments in turn.

### A. ACT TAKEN UNDER COLOR OF OFFICE

Texas argues that Gonzalez fails to show that he was prosecuted for acts taken under color of federal office. (*Id.* at 4–5). More specifically, Texas asserts that Gonzalez is a law enforcement officer who is subject to Section 1442(c) of the statute and that Gonzalez's actions do not fall into any of the categories delineated by the statute. (*Id.*). Gonzalez responds that subsection (c) is not exclusive and that his actions satisfy removal under subsection (a). (Dkt. No. 7 at 10–12). The Court agrees with Gonzalez.

Subsection (c) provides:

> Solely for purposes of determining the propriety of removal under subsection (a), a law enforcement officer, who is the defendant in a criminal prosecution, shall be deemed to have been acting under the color of his office if the officer--
>
> (1) protected an individual in the presence of the officer from a crime of violence;
>
> (2) provided immediate assistance to an individual who suffered, or who was threatened with, bodily harm; or
>
> (3) prevented the escape of any individual who the officer reasonably believed to have committed, or was about to commit, in the presence of the officer, a crime of violence that resulted in, or was likely to result in, death or serious bodily injury.

28 U.S.C. § 1442(c). Assuming without deciding that Gonzalez is a law enforcement officer under Section 1442,[2] the Court finds that he is not limited to subsection (c) for

[2] Section 1442(d)(3) defines law enforcement officer as any employee as described under 5 U.S.C. § 8401(17)(A)–(C). Relevant here, Section 8401(17)(A) provides that a law enforcement officer is an employee whose duties are primarily to investigate, apprehend, or detain individuals suspected or convicted of offenses against the criminal laws of the United States. However, Section 8401(36) contains an entirely separate subsection defining a "customs and border

(continue)

removal purposes. This Court could find no federal authority speaking to the effect of subsection (c) since it was amended in 2013 aside from a nearly factually identical case in California. *California v. Scharff*, No. 3:18-CV-02700, 2019 WL 117615 (S.D. Cal. Jan. 7, 2019). The Court agrees with the analysis in *Scharff* that a plain reading of Section 1442 does not indicate that (c)(1)–(3) is an exclusive, exhaustive list. *Id.* at *2. If, when applicable, the list was intended to replace (a) in its entirety, it would say that a law enforcement officer shall be deemed to have been acting under the color of his office "*only*" if the officer committed any of the subsequent acts. The Court reads (1)–(3) to be examples of de facto scenarios of law enforcement officers acting under color of federal office as opposed to the only situations in which an officer acts under color of his office. Finding subsection (c) to be non-exclusive, the Court next turns to removal under subsection (a).

To remove a prosecution under the federal officer removal statute, the prosecution "must have been instituted 'on account of' acts done by the defendant as a federal officer under color of his office." *Maryland v. Soper*, 270 U.S. 9, 33, 46 S. Ct. 185, 190, 70 L.Ed. 449 (1926); *see also Kleinert*, 855 F.3d at 312. "In other words, '[i]t must appear that the prosecution . . . arise[s] out of the acts done by [the officer] under color of federal authority and in enforcement of federal law[.]'" *Kleinert*, 855 F.3d at 312 (quoting *Mesa*, 489 U.S. at 131–32, 109 S.Ct. at 966). "Importantly, the State's allegations do not control the causal-connection analysis." *Id.* (citing *Osborn v. Haley*, 549 U.S. 225, 249–50, 127 S.Ct. 881, 899, 166 L.Ed.2d 819 (2007)). "Rather, courts must 'credit [the officer's] theory of the case' to

---

protection officer" which might tend to mean that CBP agents are not the same thing as law enforcement officers when determining the applicability of Section 1442(c).

determine whether the officer 'ha[s] made an adequate threshold showing that the suit is 'for a[n] act under color of office.'" *Id.* (quoting *Jefferson Cnty., v. Acker*, 527 U.S. 423, 432, 119 S.Ct. 2069, 2075, 144 L.Ed.2d 408 (1999)). "An officer is not required to definitively 'exclude[ ] the possibility that the suit is based on acts or conduct not justified by his federal duty' before removal." *Id.* (quoting *Osborn*, 549 U.S. at 249, 127 S.Ct. at 899).

Crediting Gonzalez's version of facts, he alleges that the prosecution for speeding he seeks to remove arose out of his response to an unfolding immigration situation as a CBP agent. (Dkt. No. 1 at 1–2). That is all he needs to say to satisfy subsection (a)—that his prosecution was instituted because of actions he took related to his federal office.

**B. COLORABLE FEDERAL DEFENSE**

Texas next contends that Gonzalez failed to identify a colorable federal defense, which is required for removal in this circumstance. (Dkt. No. 3 at 6–8). Gonzalez responds that he does have a federal defense—official immunity under the Supremacy Clause—which he need not specifically plead in his Notice of Removal to properly remove. (Dkt. No. 7 at 12–16). In the alternative, Gonzalez requests leave to amend his Notice of Removal to include this federal defense. (*Id.* at 17–18). The Court finds that Gonzalez, despite not invoking a federal defense by name, has done so in substance and therefore has adequately established federal subject matter jurisdiction.

"[F]ederal officer removal must be predicated on the allegation of a colorable federal defense." *Mesa*, 489 U.S. at 129, 109 S.Ct. at 965. "'Colorable' here means plausible, not 'clearly sustainable.'" *Kleinert*, 855 F.3d at 313 (quoting *Jefferson Cnty.*, 527 U.S. at 432, 119 S.Ct. at 2075). "[A]n asserted federal defense is colorable unless it is

'immaterial and made solely for the purpose of obtaining jurisdiction' or 'wholly insubstantial and frivolous.'" *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 297 (5th Cir. 2020) (quoting *Zeringue v. Crane Co.*, 846 F.3d 785, 790 (5th Cir. 2017)).

"A notice of removal of a criminal prosecution shall include all grounds for such removal." 28 U.S.C. § 1455(b)(2). "A failure to state grounds that exist at the time of filing of the notice [of removal] shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice." *Id.* If there is uncertainty, a hearing may be held and the court may receive evidence to establish whether grounds for jurisdiction exist. *See Latiolais*, 951 F.3d 297; *Kleinert*, 855 F.3d at 309. Such evidence may include affidavits and deposition testimony. *See Latiolais*, 951 F.3d at 297–298 (using evidence from an evidentiary hearing to determine availability of a federal defense).

As Texas points out, Gonzalez did not expressly use the term "defense" in his Notice of Removal. *See* (Dkt. No. 3 at 6–8); (Dkt. No. 8 at 3–4). However, the Court finds that this degree of specificity is not required. In his response, Gonzalez urges that he is entitled to Supremacy Clause immunity[3] because "[he] was a federal officer acting in furtherance of his authorized duties as a U.S. Border Patrol agent and under color of federal law" at the time he was ticketed. (Dkt. No. 7 at 14). And "[he] did no more than what was necessary and proper in expeditiously responding to a duty call." (*Id.*).

---

3 Supremacy Clause immunity applies "when a federal officer is 'held in the state court to answer' for (1) an act that federal law 'authorized' the officer to undertake, and (2) 'in doing that act, he did no more than what was necessary and proper for him to do.'" *Kleinert*, 855 F.3d at 314–15 (quoting *Cunningham v. Neagle*, 135 U.S. 1, 75, 10 S.Ct. 658, 672 34 L.Ed. 55 (1890)).

In *Kleinert*, the Fifth Circuit held that "[b]ecause [the defendant] plausibly alleged that he was acting as a federal officer at the time of the [incident], he sufficiently asserted a colorable federal defense." 855 F.3d at 313. Here, Gonzalez's Notice of Removal alleges he was "employed by United States Customs and Border Protection and has been at all times relevant to this case." (Dkt. No. 1 at 1). It further alleges that he responded to a "service radio call of non-citizen traffic" at "an area notorious for non-citizen crossings and illegal activity." (*Id.*). The Notice of Removal goes on to say that a McAllen police officer pulled Gonzalez over and ticketed him for speeding "while he was expeditiously responding" to that radio service call and while Gonzalez was "acting under color of federal law." (*Id.* at 2). And the Notice provides that Gonzalez "was acting within the scope of his federal employment and under color of federal law at the time of the traffic citation." (*Id.*).

Consistent with the Fifth Circuit's statement in *Kleinert*, the Court holds that because Gonzalez alleged that he was acting as a federal officer at the time he received the traffic citation, he sufficiently asserted a colorable federal defense. *Kleinert*, 855 F.3d at 313. At this stage, Gonzalez need not demonstrate the likelihood of his defense's success, only that he can nonfrivolously assert it. *See Latiolais*, 951 F.3d at 297. In light of the of the fact that federal officer removal is to be reviewed generously in favor of a federal forum, *see Williams*, 990 F.3d at 859, Gonzalez has met his burden. In sum, although Gonzalez did not expressly name a federal defense in his Notice of Removal, which would be the better practice, the Notice is sufficient to invoke federal jurisdiction.

## IV. CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's Motion to Remand. (Dkt. No. 3). The Parties shall confer and submit a Proposed Scheduling Order no later than February 21, 2024.

It is SO ORDERED.

Signed on February 14, 2024.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**