UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-00325 |
| | § | |
| MIGUEL GONZALEZ | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS CRIMINAL COMPLAINT
UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 12(b)(1)**

Defendant Agent Miguel Gonzalez ("Gonzalez") moves under Federal Rule of Criminal Procedure 12(b)(1) for dismissal of the State of Texas's ("State") criminal complaint against him.

## I.     SUMMARY OF THE ARGUMENT

Agent Gonzalez is entitled to Supremacy Clause Immunity from the State's speeding charge against him because, at the time of his citation for speeding, he was a federal agent acting in a such a manner as authorized by federal law, subjectively believed that his actions were no more than necessary and proper to fulfill his duties under federal law, and that belief was reasonable.

## II.     INTRODUCTION & FACTS

Agent Gonzalez, a U.S. Customs and Border Protection Border Patrol ("CBP") Agent, has been charged by the State of Texas with a Class C misdemeanor speeding violation. Agent Gonzalez, who was operating a marked government vehicle, on duty, and assigned to line-watch operations near Hidalgo, Texas when cited for speeding by the McAllen Police Department on August 14, 2023, has provided a sworn statement that, at the time of the stop, he was responding

to a service radio call of developing non-citizen traffic in an area notorious for illegal border crossings, and his supervisor at the time, Jesus Robles, has provided a sworn statement corroborating that. *See Gonzalez Affidavit*, Ex. 1, at ¶¶ 1-4; *see Robles Affidavit*, Ex. 2, at ¶¶ 1-3.[1] At the time, Agent Gonzalez was operating the vehicle without activating its emergency equipment. Agent Gonzalez removed this criminal prosecution to federal court to have the merits of his case, as well as his claim of Supremacy Clause immunity, decided in its proper forum. *See* dkt. 1. The State of Texas contested that removal, filing a motion to remand on October 29, 2023. *See* dkt. 3. This Court denied that motion to remand on February 14, 2024. *Texas v. Gonzalez*, No. 7:23-CV-00325, 2024 WL 625314, at *4 (S.D. Tex. Feb. 14, 2024).

The Supremacy Clause of the United States Constitution, U.S. Const. art. VI, cl. 2, bars enforcement of state laws that impair, burden, or control the execution of a federal function. The enforcement of the State's traffic law—in this case, "Speeding (10% or Over)," *see Citation*, dkt. 1-2—in the circumstances of this case would unduly burden important federal law enforcement interests. This is true whether the circumstances of this case did, or did not, qualify as an "emergency"—or whether Agent Gonzalez believed, or represented, that they did.[2] Accordingly, Agent Gonzalez is immune from prosecution under the Supremacy Clause.

---

[1] Affidavits are properly attached to motions to dismiss indictments under Federal Rule of Criminal Procedure 12(b)(1). That rule, governing pretrial motions—such as the one at hand—states that "Rule 47 applies to a pretrial motion." *See* Fed. R. Crim. P. 12(1). Rule 47, in turn, provides for affidavits being attached. *See* Fed. R. Crim. P. 47(b) ("A motion may be supported by affidavit.").

[2] The State's position appears to be that things would be different if Gonzalez's speeding was the result of an "emergency." *See* State's Motion to Remand, dkt. 3 at 7 ("Defendant has failed to make a detailed showing both in his notice and at the time of the issuance of the citation that the violation was the result of an emergency related to his federal duties which dictated or constrained the way in which he was required to, or could, carry out those duties."). But this is a red herring: as the Fifth Circuit has made clear, all that matters for determining whether Gonzalez is entitled to Supremacy Clause immunity is whether his actions were authorized by his duties under federal law, whether he subjectively believed that his actions were appropriate to carry out his federal duties, and whether his belief was objectively reasonable. *See Kleinert*, 855 F.3d at 314. Whether the circumstances embodied an "emergency," whether Gonzalez believed them to embody an "emergency," or whether or not Gonzalez represented to the citing officer that he was speeding as the result of an "emergency" is wholly irrelevant to Gonzalez's entitlement to Supremacy Clause Immunity.

Agent Gonzalez is entitled to Supremacy Clause Immunity from the charge against him, and the Court should dismiss it accordingly. Agent Gonzalez is a federal agent who was authorized by law and by agency policy to respond to reports of non-citizen traffic in furtherance of the CBP mission of, *inter alia*, "serv[ing] as the law enforcement office of U.S. Customs and Border Protection with primary responsibility for interdicting persons attempting to illegally enter or exit the United States . . . at a place other than a designated port of entry." *See* 6 U.S.C.A. § 211(e)(3)(A). A core component of that mission is protecting the safety of the public, both U.S. citizens and non-U.S. citizens. *See U.S. Dept of Just., I.N.S., Border Patrol, El Paso, Tex. v. Fed. Lab. Rels. Auth.*, 955 F.2d 998, 1007 (5th Cir. 1992) (United States Border Patrol "has an overriding interest in . . . protecting the public safety."). In responding to reports of non-citizen traffic in the field, Gonzalez is authorized by federal law to, "carr[y] out [his] assignments independently, making on-the-spot decisions in accordance with operating procedures and instructions," *see Border Patrol Agent Position Description*, dkt. 6-1 at 5, and "exercise[] considerable ingenuity in making judgements, applying techniques, and using discretion in the application of the[] general [Border Patrol Agent] guidelines to the wide variety of individual cases and situations encountered in the field." *Id*. at 6. Gonzalez has provided a sworn statement that he subjectively believed that speeding under the circumstances without having activated the emergency equipment was no more than what was necessary and proper to fulfill CBP's mission. Gonzalez has provided a sworn statement grounding the objectiveness of that opinion: in his experience, both time and stealth were of the essence in responding to a report of non-citizen traffic in the area to which he was driving when stopped by McAllen Police Department.[3]

---

[3] According to Gonzalez's accounts drawn from his personal experience, an agent generally has 3 minutes from the time the alert of a drone incursion from Mexico comes on the radio until the non-citizens for whom it is conducting reconnaissance enter a get-away vehicle waiting on the U.S. side of the border wall. *See Gonzalez Affidavit*, Ex. 1, at ¶ 2. If the non-citizens perpetrating incursions are alerted to the approach of CBP agents—which, according to

Thus, under the standard set out by the Supreme Court in *In re Neagle*, 135 U.S. 1 (1890), Gonzalez did no more than what was necessary and proper given the circumstances, and the Court should grant this Federal Rule of Criminal Procedure 12(b)(1) motion and dismiss the criminal complaint against him.

Moreover, the Court should do so without allowing discovery because Gonzalez, under his assertion of Supremacy Clause Immunity, is—as with other assertions of threshold immunities— immune from both suit and liability. *See New York v. Tanella*, 374 F.3d 141, 147 (2d Cir. 2004) ("Supremacy Clause Immunity "protects federal operations from the chilling effect of state prosecution."); *see generally Neagle*, 135 U.S. at 1; *Tennessee v. Davis*, 100 U.S. 257 (1879); *see also Idaho v. Horiuchi*, 253 F.3d 359, 376 (9th Cir.), vacated as moot, 266 F.3d 979 (9th Cir. 2001) ("As experience with qualified immunity cases shows, if merely presenting a disputed issue of fact were sufficient to get to a jury, then state prosecutions of federal agents could become quite common. Such prosecutions . . . place a heavy burden on the agent charged and the agency that employs him."); *see also Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022), cert. denied, 144 S. Ct. 73, 217 L. Ed. 2d 12 (2023) ("qualified immunity is . . . immunity from suit. And one of the most important benefits of the qualified immunity defense is protection from pretrial discovery, which is costly, time-consuming, and intrusive.") (internal quotations and citations omitted).

Further, the Court should grant Gonzalez's motion without holding an evidentiary hearing. *See Texas v. Kleinert*, 143 F. Supp. 3d 551, 557 (W.D. Tex. 2015), aff'd, 855 F.3d 305 (5th Cir. 2017) ("there is no requirement that the court hold an evidentiary hearing on Supremacy Clause

---

Gonzalez, activating emergency equipment would accomplish—and they have not made it into the get-away vehicle, they run into traffic, posing a grave danger to themselves. *See id.* at ¶¶ 2-3. If the non-citizens have made it into the get-away vehicle and they are alerted to the approach of CBP agents, the driver generally speeds against traffic to avoid apprehension by CBP agents, presenting a dire public danger to both U.S. citizens on the road and the non-U.S. citizens in the trafficker's vehicle. *See id.*

immunity."). This is because, as a practical matter, the State cannot dispute the single material fact that relates to the act for which the State seeks to prosecute Gonzalez: that when stopped and cited by McAllen Police Department, Gonzalez was responding to a report of non-citizen traffic for which, in his personal experience, response speed and stealth were of the essence to accomplish CBP's mission and to protect public safety. *See* Ex. 1 at ¶¶ 1-4. And that is all that matters. *See Clifton v. Cox*, 549 F.2d 722, 728 (9th Cir. 1977) (Factual disputes are "immaterial" if they do not bear on the ultimate issue of whether the federal agent "employed means which he could consider reasonable in the discharge of his duty.").

### III.  LEGAL BACKGROUND

Federal Rule of Criminal Procedure 12(b)(1) states that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Supremacy Clause immunity to a criminal prosecution is a defense permitted by Rule 12(b)(1); *see* Advisory Committee Notes to Rule 12(b)(1) (identifying "immunity" as a defense that may be raised by pretrial motion). As the Fifth Circuit has noted, "Supremacy Clause immunity is a 'seldom-litigated corner' of constitutional law. *Texas v. Kleinert*, 855 F.3d 305, 314 (5th Cir. 2017) (citing *Wyoming v. Livingston*, 443 F.3d 1211, 1213 (10th Cir. 2006)). That notwithstanding, plenty of recent case law has made clear that a Federal Rule of Criminal Procedure 12(b)(1) motion is the accepted method of raising Supremacy Clause Immunity. *See Kleinert*, 855 F.3d at 311 (affirming the dismissal of indictment against federal officer who raised Supremacy Clause immunity via Rule 12(b) motion); *Tanella*, 374 F.3d at 146 (affirming Rule 12(b) dismissal of removed manslaughter charge against DEA agent); Commonwealth of *Kentucky v. Long*, 837 F.2d 727, 750 (6th Cir. 1988) ("[A] Rule 12(b) motion is a proper vehicle by which to assert the defense of immunity under the Supremacy Clause of the

United States Constitution."); *Horiuchi*, 253 F.3d at 310 (Supremacy Clause immunity is an issue that should be determined before trial in order to avoid making the federal officer go through an entire state criminal procedure if he is immune.); *Texas v. Carley*, 885 F. Supp. 940, 941 (W.D. Tex. 1994) (permitting removal and dismissing charges under Rule 12(b) in state prosecution of U.S. Fish & Wildlife employee for criminal trespass).

Thus, the instant pretrial motion properly raises Gonzalez's assertion of Supremacy Clause immunity. *See Long*, 837 F.2d at 752 ("[T]here comes a point early in the proceedings where the federal immunity defense should be decided in order to avoid requiring a federal officer to run the gauntlet of standing trial and having to wait until later to have the issue decided.") (citations omitted). As noted above, Supremacy Clause Immunity provides federal agents immunity from *suit*—not only from liability—involving state criminal charges in order to "protect[] federal operations from the chilling effect of state prosecution." *Tanella*, 374 F.3d at 147; *see generally Neagle*, 135 U.S. at 1; *Davis*, 100 U.S. at 257; *see also Horiuchi*, 253 F.3d at 310; *see also Carswell*, 54 F.4th at 310.

After Gonzalez raises "a threshold defense of federal immunity" to the criminal prosecution, the burden of proof shifts to the State. *Id.*; *see also Tanella*, 374 F.3d at 148. If the prosecution then "fails to come forward with any evidentiary showing that disputed issues of fact exist to rebut the claim of the federal officer, the district court should sustain the defense of immunity under the Supremacy Clause." *Long*, 837 F.2d at 752; *see also Kleinert*, 143 F.Supp.3d at 557 (a motion to dismiss based on Supremacy Clause immunity should be granted "if the underlying facts supporting the defense are not in dispute."). Mere allegations of a factual dispute are insufficient; instead, the State "must come forward with an evidentiary showing sufficient at least to raise a genuine factual issue" as to the elements of the defense. *Long*, 837 F.2d at 752

6

(emphasis in original); *see also Tanella*, 374 F.3d at 148.

## IV.   ARGUMENT

The Supremacy Clause of the U.S. Constitution forbids states from regulating, burdening, or otherwise impeding the activities of the federal government. *See* U.S. CONST. ART. VI, cl. 2; *Hancock v. Train*, 426 U.S. 167, 178 (1976); *McCulloch v. Maryland*, 17 U.S. 316, 426 (1819). That includes the federal government's execution of federal law. *See id*. at 436 (The Supremacy Clause is designed to ensure that states do not "retard, impede, burden, or in any manner control" the execution of federal law). In *Neagle*, the Supreme Court construed the Supremacy Clause to provide immunity to a federal employee from criminal prosecution by a state for acts performed in the course of that employee's federal duties. *Neagle*, 135 U.S. at 1, 75. Under *Neagle* and its progeny, the Supremacy Clause *requires* dismissal of a state prosecution of a federal officer if the officer: (1) was "in the performance of an act which he is authorized by federal law to do as part of his duty," and (2) "did [] 'no more than what was necessary and proper for him to do.'" *Baucom v. Martin*, 677 F.2d 1346, 1350 (11th Cir. 1982) (quoting *Neagle*, 135 U.S. at 75); *see also Birsch v. Tumbleson*, 31 F.2d 811, 814 (4th Cir. 1929) (the officer must have engaged in conduct which "was necessary, or at least believed by them to be necessary, to properly discharge their duties, or for their own protection."); *see also State of West Virginia v. Laing*, 133 F. 887, 891 (4th Cir. 1904) ("[a] state court has not the right to arrest, convict, and punish an officer of the United States for an act lawfully done by him in the discharge of his official duties."); *see also Kleinert*, 855 F.3d at 320 ("the Constitution and laws of the United States are supreme and cannot be obstructed . . . via local prosecution . . . by the laws of the individual states.").

Based on *Neagle*, courts apply a two-part test in deciding a defendant's entitlement to Supremacy Clause immunity. As noted above, under that test, a federal agent possesses Supremacy

7

Clause immunity where: (1) he was performing an act which the agent was authorized to do by the law of the United States; and (2) in performing that authorized act, the federal agent did no more than what was necessary and proper for him to do. *See Kleinert*, 855 F.3d at 314-15; *Tanella*, 374 F.3d at 147; *Long*, 837 F.2d at 744; *Clifton*, 549 F.2d at 724-25.

The first inquiry analyzes whether an act was "committed within the outer perimeter of the [agent's] line of duty." *Clifton*, 549 F.2d at 726. "To be within that perimeter and therefore absolutely privileged, it is only necessary that the action bear some reasonable relation to and connection with the duties and responsibilities of the official." *Id*. (internal citation and quotations omitted). Moreover, an act that exceeds an agent's "express authority" will not strip him of immunity. *Id*. at 728. What matters is that the act "occurred in the scope of the employee's regular duties and employment." *Id*. at n.12.

The second inquiry, whether the act is necessary and proper, requires "only that [the agent] reasonably thought it to be necessary and justifiable." *Long*, 837 F.2d at 744; *see Clifton*, 549 F.2d at 728; *Tanella*, 374 F.3d at 147 (immunity proper where DEA Agent reasonably believed suspect was reaching for a gun). "Proper application of this standard does not require a petitioner to show that his action was in fact necessary or in retrospect justifiable, only that he reasonably thought it to be." *Clifton*, 549 F.2d at 728. 2 The "necessary and proper" inquiry "view[s] all of the circumstances as they appeared to" the federal officer at the time of the action at issue. *Tanella*, 374 F.3d at 147.

Once the Supremacy Clause immunity defense has been raised in a motion to dismiss, "'the district court should grant the motion in the absence of an affirmative showing by the state that the facts supporting the immunity claim are in dispute.'" *Id*. at 148 (citation omitted). The state cannot meet its burden by "mere allegations." *Id*. Again, the decisive issue is not whether an agent

"correctly evaluated the circumstances," but rather whether he honestly and reasonably believed his action was proper given his duties. *Id*. at 152.

Gonzalez's conduct unequivocally satisfies both elements of the test, and the State cannot make an affirmative showing that the facts supporting his immunity defense are in dispute; therefore, the Court should grant the instant motion and dismiss.s

### A. Gonzalez is a federal officer.

Gonzalez is a Border Patrol Agent, *see* Ex. 1 at ¶ 1, under U.S. Customs and Border Protection, a federal agency, *see* 6 U.S.C.A. § 211(e). Gonzalez is, therefore, a federal agent and satisfies Supremacy Clause Immunity's federal agent requirement.

### B. Gonzalez was engaged in conduct authorized by federal law.

As explained above, Gonzalez's Border Patrol Agent duties require him to exercise "ingenuity," "discretion," and "independence" in "making on-the-spot decisions" "in the field" to accomplish U.S. CBP's "primary" mission of "interdicting persons attempting to illegally enter … the United States." As established by his affidavit in support of this motion, Agent Gonzalez's duties—interdicting human traffickers in a high intensity smuggling area while mitigating risks to public safety of both U.S. and non-U.S. citizens—require him, when responding to a report of non-citizen traffic, to speed without activating his emergency equipment. *See Gonzalez Affidavit*, Ex. 1, at ¶¶ 1-4. At the time he was cited by McAllen Police Department, Gonzalez was responding to a report of non-citizen traffic. Under those circumstances, compliance with the speed limit or having his emergency equipment turned on when exceeding the speed limit would impair his ability to perform his official duties by removing the exigencies of speed and stealth detailed in his affidavit and presenting a significant risk to public safety. *Id.*

Under such circumstances, state law is simply irrelevant. As one commentator has put it,

"entitlement to Supremacy Clause immunity is to be ascertained by looking only at federal law"—a federal official carrying out his duties is not "obliged to consider state criminal law at all before acting." Seth P. Waxman & Trevor W. Morrison, 112 Yale L.J. at 2233. That conclusion is firmly rooted in the jurisprudence of the United States Supreme Court. *See Johnson v. Maryland*, 254 U.S. 51, 56-57 (1920) ("[E]ven the most unquestionable and most universally applicable of state laws, such as those concerning murder, will not be allowed to control the conduct of a marshal of the United States acting under and in pursuance of the laws of the United States.").

Agent Gonzalez was acting in furtherance of U.S. CBP's mission and according to the federal duties he was tasked with for the accomplishment thereof, at the time the McAllen Police Department officer issued the citation in question. Federal law thus authorized Gonzalez to drive in excess of the speed limit without activating his emergency equipment, and the State can produce no evidence to the contrary.

But even if the State could present evidence that Agent Gonzalez violated federal law or exceeded his authority thereunder, that *still* would not suffice to overcome Agent Gonzalez's entitlement to Supremacy Clause immunity. The State would have to show that Agent Gonzalez acted maliciously or with criminal intent. *See Baucom*, 677 F.2d at 1350 (granting immunity where "[t]here [was] no suggestion that Baucom acted because of any personal interest, malice, actual criminal intent, or for any other reason than to do his duty as he saw it"); *Long*, 837 F.2d at 744 (granting immunity where the district court had found that the agent "had no motive other than to do his job under circumstances as they appeared to him, and that he had an honest and reasonable belief that what he did was necessary"). Even less can the State produce evidence showing *that*.

Gonzalez has satisfied the first prong of the test—that his actions were authorized by federal law—and the State cannot produce evidence to the contrary.

**C. Gonzalez's actions were no more than what was necessary and proper to fulfill his duties under federal law, Gonzalez subjectively believed them to be so, and his belief was reasonable.**

For conduct to be considered "necessary and proper" in the context of Supremacy Clause immunity, "an officer must subjectively believe that his actions were appropriate to carry out his federal duties, and that belief must be objectively reasonable." *Kleinert*, 855 F.3d at 314 (citing *Tanella*, 374 F.3d at 147 and *Long*, 837 F.2d at 745). The subjective aspect of this element "depends on an officer's honest belief that his actions are reasonable and necessary to the exercise of his authority." *Kleinert*, 855 F.3d at 317 (internal quotations and citations omitted). As to the objective reasonableness of the conduct, the Court must "evaluate the circumstances as they appear to federal officers at the time . . . rather than the more subtle and detailed facts later presented to a court." *Kleinert*, 855 F.3d at 319 (internal citation omitted).

"Proper application of this standard does not require a [criminal defendant] to show that his action was in fact necessary or in retrospect justifiable, only that he *reasonably thought* it to be." *Clifton*, 529 F.2d at 728 (emphasis added). There is a distinction between actions taken in good faith and with an honest purpose, on one hand, and conduct performed with criminal intent or malice, on the other hand. *Id*. at 273 (internal citations omitted). In both the objective and the subjective analysis, the Court's focus is on the conduct "for which the [prosecution] seeks to hold [the defendant] liable." *Kleinert*, 855 F.3d at 317, 319.

It is clear that Agent Gonzalez honestly and reasonably believed it was both necessary and proper for the performance of his duties to drive in excess of the speed limit (without activating emergency equipment) under the circumstances of this case, given—as his affidavit explains—the necessity of speed and stealth in responding to radio calls of non-citizen incursions in the area of operations in question. Under such circumstances his belief in the necessity and propriety of

driving in excess of the speed limit with his emergency equipment off is clearly established and, moreover, reasonable. Consequently, Agent Gonzalez is immune from prosecution by the State of Texas for speeding under the facts of this case.

Gonzalez has satisfied the second prong of the text —that his actions were reasonably believed to be necessary and proper— and thus, the motion to dismiss should be granted.

### D. Traffic citation cases do not constitute an exception.

Federal officers have invoked Supremacy Clause Immunity when charged with serious crimes—such as the murder and manslaughter charges in the *Neagle* and *Clifton* cases. However, Supremacy Clause Immunity also protects federal officers charged with less serious offenses, such as those falling under state vehicle and transportation codes. *See Johnson v. State of Maryland*, 254 U.S. 51, 57 (1920) (Postal Service driver not subject to state prosecution for failing to obtain Maryland driver's license due to expense and burden that would impose on a federal function); *State of Montana v. Christopher*, 345 F. Supp. 60, 61 (D. Mont. 1972) (Air Force member immune from prosecution for towing a government trailer without proper lights as authorized by superior); *State v. Burton*, 103 A. 962 (R.I. 1918) (immunity for sailor cited for speeding while delivering dispatch under orders to do so posthaste); *see also Lily v. West Virginia*, 29 F.2d 61 (4th Cir. 1928) (reversing conviction of federal prohibition agent, who struck and killed pedestrian while speeding, due to failure to give Supremacy Clause instruction).

Those lesser offenses include, notably, criminal charges for state speeding offenses. *See People of Puerto Rico v. Torres Chaparro*, 738 F. Supp. 620, 621 (D.P.R. 1990), aff'd, 922 F.2d 59 (1st Cir. 1991) (immunizing federal officer from state speeding charge where he was speeding to join a colleague left alone to guard a cocaine seizure, thereby presenting an officer safety risk); *City of Norfolk, Va. v. McFarland*, 145 F. Supp. 258, 260 (E.D. Va. 1956) (exonerating federal

officer observing that "[t]he speed laws are not applicable . . . To hold otherwise would seriously hamper law enforcement officers in protecting our citizens who are just as much interested in seeing violators of federal laws apprehended as those who may violate state or local laws.").

And Supremacy Clause Immunity has protected a federal officer in a speeding case that this Court described as "nearly factually identical" to the one at hand. *Gonzalez*, 2024 WL 625314 at *2. In *California v. Scharff*, the Southern District of California dismissed a state criminal speeding charge against a U.S. Border Patrol agent, finding that "exigent circumstances justified his decision to drive faster than the speed limit so he and other agents could interdict suspected alien smugglers." No. 3:18-CV-02700, 2019 WL 117615 (S.D. Cal. Jan. 7, 2019). That case did so based explicitly on the "federal defense of official immunity first articulated in *In re Neagle*." *See id*.

## CONCLUSION

The Supremacy Clause protects federal law enforcement officers who, in response to the operational exigencies of stealth and speed and animated by the overweening concern of mitigating public safety concerns for U.S. and non-U.S. citizens alike, exceed the city speed limit without their emergency equipment activated in contravention of city traffic regulations and who reasonably believe that it is necessary to do so in order to perform their federal duties. As shown above, the sole crime with which Gonzalez is charge (i.e. speeding) arises from attempting to carry out his duty to interdict human smugglers while mitigating risks to public safety. That speeding— conducted without his emergency equipment activated—was both subjectively and objectively reasonable. Because his subjective belief in the necessity and propriety of his conduct is clearly established, and because his belief is objectively reasonable, he is entitled to immunity for his actions under the Supremacy Clause. Consequently, the criminal prosecution by the State of Texas

must be dismissed. Accordingly, the Court should grant Agent Gonzalez's Rule of Criminal Procedure 12(b)(1) motion to dismiss.

        Respectfully submitted,

        **ALAMDAR S. HAMDAMI**
        United States Attorney
        Southern District of Texas

By:   *s/ Benjamin S. Lyles*

        **ALYSSA IGLESIAS**
        Assistant United States Attorney
        Southern District of Texas No.: 3610302
        1701 W. Bus. Highway 83, Suite 600
        McAllen, TX 78501
        Telephone: (956) 618-8010
        Facsimile: (956) 618-8016
        E-mail: Alyssa.Iglesias@usdoj.gov
        Attorneys in Charge for Defendant

        **BENJAMIN S. LYLES**
        Assistant United States Attorney
        S.D. Tex. ID No. 3062156
        State Bar No. 24094808
        1701 W. Bus. Highway 83, Suite 600
        McAllen, TX 78501
        Telephone: (956) 618-8010
        Facsimile: (956) 618-8016
        E-mail: Benjamin.Lyles@usdoj.gov

## CERTIFICATE OF WORD COUNT

I, BENJAMIN S. LYLES, do hereby certify that the instant motion contains 4,470 words, exclusive of case caption, table of contents, table of authorities, signature block, and certificates.

        *s/ Benjamin S. Lyles*
        **BENJAMIN S. LYLES**
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, BENJAMIN S. LYLES, do hereby certify that on June 7, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/ Benjamin S. Lyles*
**BENJAMIN S. LYLES**
Assistant United States Attorney
